UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER JOHNSON,

    Plaintiff,

v.                                              Case No:   2:15-cv-329-FtM-29CM

SEA COURT MANAGEMENT,
LLC,

    Defendant.
_____

## ORDER

Before the Court are Defendant's Motion for Leave to Withdraw as Attorney of Record (Doc. 23), Plaintiff's Unopposed Motion for Extension of Deadline for Mediation (Doc. 24), and Plaintiff's Unopposed Motion for Extension of Deadlines Pursuant to the Court's Scheduling Order (Doc. 25).   For the reasons set forth below, the motions are granted.

Counsel for Defendant seeks to withdraw as counsel.   Doc. 23.   According to the motion, Plaintiff opposes this request.   *Id.* at 1.   Plaintiff, however, has failed to file a response in opposition, and the time has expired for him to do so.   Failure to file a response creates a presumption that the motion is unopposed.   *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012) (citation omitted). Additionally, Plaintiff filed two motions for extensions of time and stated the withdrawal of Defendant's attorney as grounds for the extension.   Docs. 24, 25. Thus, it appears that Plaintiff does not oppose the withdrawal of Defendant's counsel.

A motion to permissively withdraw is a matter within the discretion of the court.  *Obermaier v. Driscoll*, No. 2:00-CV-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000).   Pursuant to the Local Rules, "no attorney, having made a general appearance under subsection (a) of [Local Rule 2.03] shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel."   M.D. Fla. Rule 2.03(b). Here, both Defendant and Plaintiff's counsel have been provided the requisite ten (10) days' notice.  Doc. 23 at 1.  Defendant has no objection to the request, and Plaintiff's counsel has provided no objection to the request. Accordingly, the Court finds good cause to grant the motion to withdraw.

Corporations, however, must be represented by counsel because corporations are artificial entities that can only act through agents.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d. 1381, 1385 (11th Cir. 1985) (*citing Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981); *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir. 1982)).   Therefore, Defendant shall have up to and including **March 3, 2016** to retain counsel and have counsel file a Notice of Appearance with the Court.   If Defendant fails to retain new counsel by that date, the Court may recommend that a default be entered against Defendant.

Also before the Court are Plaintiff's Unopposed Motion for Extension of Deadline for Mediation (Doc. 24) and Plaintiff's Unopposed Motion for Extension of

Deadlines Pursuant to the Court's Scheduling Order (Doc. 25).   As grounds, Plaintiff states that because Defendant needs to retain new counsel and counsel will need to become familiar with the case, additional time is needed to complete the deadlines in the Court's Case Management and Scheduling Order (Doc. 22).   Docs. 24 at 1, 25 at 2.   The Court finds good cause to extend the deadlines in the Case Management and Scheduling Order by 60 days.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion for Leave to Withdraw as Attorney of Record (Doc. 23) is **GRANTED**.   Jon D. Parrish, Johnathon M. Weirich and Parrish, White, & Yarnell, P.A. are relieved from all further responsibility in this matter.   The Clerk of Court is directed to terminate Jon D. Parrish, Johnathon M. Weirich and Parrish, White, & Yarnell, P.A. as counsel of record for Defendants and remove them from all further notices of electronic filing in this matter.

2. Defendant shall have up to and including **March 3, 2016** to retain new counsel and have counsel file a Notice of Appearance with the Court.

3. Plaintiff's Unopposed Motion for Extension of Deadline for Mediation (Doc. 24) is **GRANTED.**

4. Plaintiff's Unopposed Motion for Extension of Deadlines Pursuant to the Court's Scheduling Order (Doc. 25) is **GRANTED**. An Amended Case Management and Scheduling Order will be entered by separate order. All other deadlines and

directives set forth in the Case Management and Scheduling Order (Doc. 22) remain unchanged.

    **DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of February, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record